KATYE FREEMAN, Respondent, v. MANUFACTURERS TRUST COMPANY, Appellant. — The action is for rescission, on the ground of fraud and deceit, of a sale by defendant to plaintiff of certain notes. It is alleged that plaintiff, a depositor of defendant, bought these notes on the advice of the employees of the bank and in reliance on representations as to the quality of the investment. It is further alleged, among other things, that the defendant made a loan to certain parties, including one of its officers and directors who was also a guarantor of the obligation; that the defendant made no proper appraisal of the property securing the notes; that it acted as trustee of the obligation and the security forming the basis of the notes; and that it was also the vendor of these secured notes and in this triple capacity had full knowledge concerning them. The complaint set up not only the false and fraudulent statements made to the plaintiff in the course of the sale and her reliance thereon, but also certain acts claimed to be illegal, which were concealed from her when she made the purchase. The motion by defendant is to strike out these allegations in respect to illegal acts. Doubtless the plaintiff could not recover by reason of the illegality of the acts charged. Those are penalties for which the government creating the corporation may alone exact redress. But in this action for rescission the acts and conduct of the defendant in making reckless statements of fact may in the course of the trial become competent on the question of fraud, particularly in alleged failure to make appraisal of the securities before it made representations as to the high quality of the investment; and as to concealment of material facts which it may have been under the duty to reveal. It depends largely on the course taken in the development of proof on the trial. The order denying the motion is modified by providing that there shall be struck out from paragraph sixth of the complaint those portions numbered respectively (2), (3) and (4) (folios of record 28–29), and all of paragraph seventh. As so modified the order is affirmed, without costs. Defendant may answer within ten days from the entry of the order hereon. Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ., concur.